IVheeleR, J.
The plea in abatement does not controvert tho fact that the grand jury was constituted conformably to law. It avers simply that at the time of pleading the names of the jurors “do not appear by any list,” &c. This is not deemed a valid objection to the indictment. The list directed to be kept may have been lost or destroyed by some casualty after the jury was constituted and the indictment found. The omission to preserve it would not go to the validity of an indictment found by a competent grand jury constituted conformably to law.
In support of tho objection to the petit jury we are referred to the 1st section of the act of the lGt-h of March, 1848, and particularly to the language of the proviso.
Tho section has reference alone to a case in which, for some one of tho cases there stated, it may have become necessary to summon jurors from (lie bystanders, to whose competency the objection may lie taken. The proviso is to be taken simply as a qualification of the section" in which it is incorporated. It does not contemplate or appl.y to a ease like the present, where the jury in attendance had been rogn ally summoned and impaneled.
The objections to the judgment are not, wc think, well taken.